Case 1:22-cr-20493-DPG Document 20 Entered on FLSD Docket 10/14/2022 Page 1 of 5

FILED by MM D.C.
Oct 13, 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20493-CR-GAYLES/TORRES

18 U.S.C. § 2261A(2)(B)

UNITED STATES OF AMERICA

v.

ANTHONY FREDERICK BRILLANTE II,

    Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
### Cyber Harassment
### 18 U.S.C. § 2261A(2)(B)

Beginning in or around April 2021, the exact date being unknown to the Grand Jury, and continuing through on or about July 19, 2022, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ANTHONY FREDERICK BRILLANTE II,**

did, with intent to harass and intimidate another person, that is, S.G., use an interactive computer service and electronic communications service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person, an immediate family member of that person, and a spouse of that person, in violation of Title 18, United States Code, Section 2261A(2)(B).

## COUNT 2
### Cyber Harassment
### 18 U.S.C. § 2261A(2)(B)

Beginning in or around May 2021, the exact date being unknown to the Grand Jury, and continuing through on or about May 18, 2022, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ANTHONY FREDERICK BRILLANTE II,**

did, with intent to harass and intimidate another person, that is, H.G., a victim under the age of 18 years, use an interactive computer service and electronic communications service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to that person and immediate family members of that person, in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261B(a).

## COUNT 3
### Cyber Harassment
### 18 U.S.C. § 2261A(2)(B)

From on or about December 27, 2021, through on or about May 18, 2022, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ANTHONY FREDERICK BRILLANTE II,**

did, with intent to harass and intimidate another person, that is, D.G., use an interactive computer service and electronic communications service and electronic communication system of interstate commerce, and any other facility of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial

emotional distress to that person, an immediate family member of that person, and a spouse of that person, in violation of Title 18, United States Code, Section 2261A(2)(B).

A TRUE BILL.

███████████████

FOREPERSON

_____
JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

_____
JOSEPH EGOZI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ANTHONY FREDERICK BRILLANTE II,

_____/
Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

New Defendant(s) (Yes or No) _____
Number of New Defendants ____
Total number of New Counts ____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect: _____

4. This case will take **4-5** days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)
   I   ☒ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) **Yes**
   If yes, Magistrate Case No. **22-MJ-03308-Louis**

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) **No**
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of **8/5/2022**

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) **No**

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) **No**

By: *Joseph Egozi*
Joseph Egozi
Assistant United States Attorney
Court ID No.    A5502707

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Anthony Frederick Brillante II

**Case No:** _____

Count #: 1

　　Cyber Harassment

　　18 U.S.C. § 2261A(2)(B)

* Max. Term of Imprisonment: 5 years' imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): none
* Max Supervised Release: 3 years
* Max Fine: $250,000

Count #: 2

　　Cyber Harassment

　　18 U.S.C. § 2261A(2)(B) and 2261B(a)

* Max. Term of Imprisonment: 10 years' imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): none
* Max Supervised Release: 3 years
* Max Fine: $250,000

Count #: 3

　　Cyber Harassment

　　18 U.S.C. § 2261A(2)(B)

* Max. Term of Imprisonment: 5 years' imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): none
* Max Supervised Release: 3 years
* Max Fine: $250,000

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.