**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:22-cr-20493-DPG

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ANTHONY FREDERICK BRILLANTE, II,

       Defendant.

_____/

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant Anthony Frederick Brillante II, through undersigned counsel, and pursuant to 18 U.S.C. § 3553(a), respectfully submits this memorandum in aid of sentencing.

**INTRODUCTION**

Anthony Brilliante is scheduled to be sentenced by this Court on April 23, 2024, having been convicted at trial of three counts of cyber harassment in violation of 18 U.S.C. § 2261A(2)(B). (DE 20, 151, 188). The allegations underlying the offenses of conviction are unquestionably serious, but we respectfully submit that Mr. Brilliante should be sentenced to a term of imprisonment less than what the Presentence Investigation Report ("PSI") recommends. More specifically, we believe the Court should sentence Mr. Brillante to a period of incarceration not to exceed 70 months.  In support of this request, we argue that the PSI's total offense level 29 incorrectly applies a two-level vulnerable victim enhancement under U.S.S.G. § 3A1.1 for count 2.  Without that enhancement, Mr. Brillante's offense level would be a level 27 resulting in a 70-87 recommended guidelines' sentence.  Even if this Court should find that the 2 level enhancement does apply, we believe that Mr. Brillante's significant history of psychiatric issues, suffering as a

victim of sexual abuse, and lack of any criminal history should be accounted for, and he should be given a variance below the advisory guidelines range.

## DISCUSSION

I. **THE VULNERABLE VICTIM ENHANCEMENT SHOULD NOT APPLY**

The PSI applied a two-level vulnerable victim enhancement under U.S.S.G. § 3A1.1(b)(1) to account for the fact that the alleged victim in count 2 was under the age of 18. While we do not quibble with the age of the alleged victim, that person's age is already accounted for by statute. The fact that H.G. was under 18 at the time of the alleged cyber harassment means that Mr. Brillante's statutory maximum sentence doubled, from five years to ten, under 18 U.S.C. § 2261B(a).  To then impose a vulnerable victim enhancement on top of that effectively punishes Mr. Brillance twice for the same allegation. Application Note 2 to § 3A1.1 makes clear that the enhancement should not apply "if the factor that makes the person a vulnerable victim is incorporated in the offense guideline." There is no principled reason to hold differently where the factor making the alleged victim vulnerable, here, H.G.'s age, is incorporated into the statute. Accordingly, this enhancement should not be applied.

II. **MR. BRILLANTE'S HISTORY OF SEXUAL ABUSE AND MENTAL HEALTH HISTORY WARRANT A DOWNWARD VARIANCE**

The Supreme Court encourages sentencing courts to exercise discretion in imposing a just and fair sentence. *See, e.g.*, *Spears v. United States*, 555 U.S. 261, 264-65 (2009); *Rita v. United States*, 551 U.S. 338, 351 (2007); *Kimbrough v. United States*, 552 U.S. 85, 110-11 (2007); *United States v. Booker*, 543 U.S. 220, 245-46 (2005).  In the post-*Booker* era, a sentencing court's duty is to consider all of the factors identified in 18 U.S.C. § 3553(a) and "impose a sentence sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in that statute.

The first of the 3553(a) factors recognizes that a defendant's history and characteristics should be afforded the same weight as the nature and circumstances of the offense. *United States v. Rodriguez*, 724 F. Supp. 1118, 1119 (S.D.N.Y. 1989). To that end, a defendant's health, including his mental health, is a "valid consideration[] because it relate[s] to the 'history and characteristics of the defendant.'" *United States v. Gray*, 453 F.3d 1323, 1325 (11th Cir. 2006).

When it comes to mental health, Mr. Brillante is incredibly unwell, and has been for more than two decades. He has been Baker acted twice as an adult and several times as a minor.

Mr. Brillante's early childhood was peaceful one. He was happy, loving, playful, empathic, and gentle, devoted to his family, especially his younger relatives. (Letter from Julia Brillante).[1] A true animal lover, Mr. Brillante's mother speaks of his deep love for the family dog and of his refusal even to harm a mosquito drawing blood from his arm. (Letter from Jacintha Brillante). He loved games, loved to read, and loved working with computers. (Letter from R. Joseph).

But all that changed when, at age eleven, Mr. Brillante was molested by a female cousin twelve years his senior. (PSI ¶ 56; Letters from Jacintha Brillante, Julia Brillante). Unfortunately, this was not a one-time incident – the sexual abuse continued for several years, and, over time, escalated in frequency and severity. (PSI ¶ 56). Intense feelings of shame, along with psychological threats by his abuser, prevented Mr. Brillante from reporting it to anyone, least of all his family. (Letters from Jacintha Brillante, Julia Brillante). On that front, his sister, Julia, who is also a clinical psychologist, writes:

> It is common for childhood sexual abuse survivors to not share trauma for years or decades due to fear of abusers getting in trouble, fear/shame regarding how others will react, and significant worry about being believed, especially in cases of incest where family can be in disbelief to discover this "beloved" relative engaged in the abuse. There is significant cultural stigma around male sexual abuse perpetrated by

---

[1] Copies of the letters submitted by Mr. Brillante's supporters are attached in Composite Exhibit A.

3

adult females, including people dismissing the fact that this is sexual abuse of a minor.

(Letter from Julia Brillante). Mr. Brillante finally opened up to his sister shortly after his eighteenth birthday. (Letters from Julia Brillante, A. Joseph). But by that point, the deep psychological damage was done.

Not surprisingly, from the moment the abuse began, Mr. Brillante's mental health rapidly deteriorated (Letter from Jacintha Brillante), suffering from what would later be diagnosed as major depressive disorder, anxiety, post-traumatic stress disorder, and suicidal ideation. (Letter from Mark Mills, JD, MD).[2] Mr. Brillante withdrew from the world, dropping out of Florida International University and isolating himself from everything and everyone in his life. (PSI ¶ 67). He was hospitalized involuntarily twice as a teen, and once more prior to his arrest (PSI ¶¶ 62, 63). Each time, however, he was released, and never received appropriate, long-term mental health treatment.

As times, Mr. Brillante asked his family for help. But as his sister explains, his "understandable difficulty trusting others as well as fears led to not following through with the offered help." (Letter from Julia Brillante).

> Trauma of having this betrayal by a family member whom you trust and believe to have your best interests at heart, an adult who is supposed to protect you from harm, is deeply insidious and painful. Common symptoms of trauma that I believe Anthony suffers from include strong mistrust of others, not accepting help/support when it's offered, intrusive and repetitive distressing thoughts related to the trauma (which I know have truly plagued Anthony), intense and long-lasting emotions such as fear & anger, and persistently feeling under threat/on the lookout for danger (hypervigilance). This makes it immensely hard to build trust and accept help, including mental health treatment.

---

[2] Although this letter was originally written in October 2022 to support Mr. Brillante's motion for placement in a residential psychiatric treatment facility in lieu of pretrial detention (DE 32), it illustrates Mr. Brillante's need for treatment. *See* Exhibit B.

4

(Letter from Julia Brillante).

Simply put, the Court should take these characteristics in account when it is fashioning a reasonable sentence under the § 3553(a) factors. Mr. Brillante needs help; he needs counseling. But, we should not give up on him.

## **CONCLUSION**

For the reasons set forth above, Mr. Brilliante's offense level should be reduced by two levels to account for the removal of the two-level vulnerable victim enhancement. Even if the Court disagrees and applies the two level enhancement, we respectfully request that the Court vary to a sentence of 70 months' imprisonment.

We also respectfully urge this Court to recommend to the U.S. Bureau of Prisons that Mr. Brillante serve his sentence at FMC Butner where he can receive the residential psychiatric treatment he so desperately needs.

                        Respectfully submitted,

                        **MARCUS NEIMAN**
                        **RASHBAUM & PINEIRO LLP**
                        2 S. Biscayne Blvd., Ste. 2530
                        Miami, Florida 33131
                        Tel: (305) 400-4260

                 By: */s/ Daniel Lawrence Rashbaum*

                        Daniel Lawrence Rashbaum, Esq.
                        Florida Bar No. 75084
                        drashbaum@mnrlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on April 22, 2024 via transmission of Notices of Electronic Filing generated by CM/ECF to all parties registered to receive notice in this case.

*/s/ Daniel Lawrence Rashbaum*
Daniel Lawrence Rashbaum